UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TRAVELERS CASUALTY & SURETY )
COMPANY OF AMERICA )
 )
 )
       Plaintiff, )
 ) 1:10-CV-157
v. ) *Collier / Lee*
 )
LOUIS M. PASCARELLA, )
 )
 )
       Defendant. )

## ORDER

Before the Court is a motion filed by PI., Inc. ("PI") seeking a modification of the subpoena issued by Defendant to it pursuant to Fed. R. Civ. P. 45 [Doc. 33]. For the reasons set forth below, the motion is **DENIED**.

### I.    BACKGROUND

Plaintiff's complaint alleges fraud, conversion, and unjust enrichment arising from an alleged scheme of embezzlement spanning a decade or more. According to the allegations of the complaint, Defendant was hired as PI's controller in 1994 and became the Chief Financial Officer in 2000. Around 2001, Defendant allegedly began an embezzlement scheme that included illegally using PI's funds to pay for his term life insurance, improperly using credit cards issued to PI to obtain personal goods and services, and fraudulently using PI's funds to pay for personal items and services,

including personal tax and social security payments. PI terminated Defendant from his employment on June 29, 2007 after he allegedly admitted improper behavior regarding the use of PI's checks. In July 2007, PI conducted a review of its accounting records from 2001 through June 2007 and discovered other allegedly improper transactions. On August 29, 2007, PI provided a property loss notice to Plaintiff regarding the losses allegedly suffered by PI from Defendant's actions. On October 19, 2007, PI submitted a proof of loss to Plaintiff and on September 8, 2008, Plaintiff paid PI $217,601.47 for its losses.

Plaintiff filed this suit to recover its damages from Defendant, who denies engaging in any improper or illegal actions whatsoever in his answer. Defendant's subpoena to PI, issued January 18, 2011, requests 49 separate categories of documents, including requests for financial documents for the time period 1994 through 2010 related to credit card usage, income, expenses, cash flow, tax returns, employment compensation records for other PI employees, and stock agreements (e.g., request numbers 5, 6, 7, 8, 9, 10, 14, 19, 20, 21, 27, 31, 35) [Doc. 33-1].

## II. ANALYSIS

PI has moved this Court to modify the subpoena to restrict the production of requested documents to the time period of Defendant's employment (1994 through June 29, 2007) and to restrict "future" discovery to documents in existence at the time of Defendant's termination on two grounds. First, PI contends that documents prepared after Defendant's termination are not relevant and will not lead to the discovery of admissible evidence regarding the parties' claims or defenses under Fed. R. Civ. P. 26(b)(1). Second, PI contends that the requests are unduly burdensome under

Fed. R. Civ. P. 45(c)(3)(A)(iv).[1]

This motion will be determined by the application of Rules 26 and 45 of the Federal Rules of Civil procedure. Although irrelevance is not specifically listed in Rule 45(c)(3) as a reason to modify a subpoena, relevance is certainly a factor when considering a motion to modify a subpoena under Rule 45. *Laethem Equip. Co. v. Deere and Co.*, 2007 WL 2873981, *4 (E. D. Mich.2007) ("reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)") (internal quotation and citations omitted); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C. D. Cal. 2005) (courts have incorporated relevance as a factor when determining motions to quash a subpoena) (citing *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter*, 211 F.R.D. 658, 662 (D. Kan. 2003).

---

[1] None of the pleadings filed in support of, or opposition to, the motion specifically referenced Fed. R. Civ. P. 45(c)(3)(A)(iv), but it clearly is the applicable rule governing a claim of undue burden. While PI's motion did not mention undue burden, its briefs (and Plaintiff's brief) did raise the claim. While quashing (or modifying) a subpoena goes against a general preference for full discovery, *see, e.g., Hickman v. Taylor*, 329 U.S. 495, 501(1947), limiting even relevant discovery is appropriate when the burden of providing a requested document outweighs the need for it. *See* Fed. R. Civ. P. 26(b)(2)(C). Similarly, to avoid duplicity and overly burdensome discovery, Rule 45 requires that a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). Further, Rule 45 provides that a court must quash or modify a subpoena if it subjects a person to an undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv). "An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party." *Travelers Indem. Co. v. Metropolitan Life Insur. Co*., 228 F.R.D. 111, 113 (D. Conn.2005). The court's determination of "[w]hether a subpoena imposes an 'undue burden' depends upon 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Id*. at 113 (quoting *United States v. Int'l Bus. Machines Corp*., 83 F.R.D. 97, 104 (S. D. N.Y. 1979)). There is some dispute among the courts regarding whether the issue of burdensomeness should be addressed differently depending on whether the discovery requests are directed to nonparties or to parties. In this case, however, PI abandoned its claim of undue burden – beyond the issue of relevance – during the hearing on the motion, so it is not necessary to address any issues of undue burden further.

While the scope of discovery is traditionally quite broad, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Under Rule 26(b)(1),

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . .. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Recognizing Rule 26(b)(1)'s focus on relevance, the Sixth Circuit Court of Appeals holds that a "district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided." *Sigmon v. Appalachian Coal Properties, Inc.*, 400 F. App'x 43, 50 (6th Cir. 2010) (quoting and citing *Green v. Nevers*, 196 F.3d 627, 632 (6th Cir. 1999) and *Elvis Presley Enters. v. Elvisly Yours, Inc.*, 936 F.2d 889, 894 (6th Cir.1991) ("The District Court did not abuse its discretion in limiting discovery on this issue, which is not relevant in this case.")).

If a party objects to the relevancy of information sought, as PI and Plaintiff have done here, then the party seeking the information, Defendant here, bears the burden of showing its relevance. *Grant, Konvalinka & Harrison, P.C. v. United States*, No. 1:07-cv-88, 2008 WL 4865566, *4 (E.D. Tenn. Nov. 10, 2008) (unpublished). The party who moves to modify a subpoena, PI here, has the "burden of persuasion" under Rule 45(c)(3). *See Moon*, 232 F.R.D. at 637; *Travelers Indem.*, 228 F.R.D. at 113; *IBM*, 83 F.R.D. at 104.

Defendant claims the requested post-termination documents are relevant to his defenses and reasonably calculated to lead to the discovery of admissible evidence because: (1) the documents will show Defendant's actions and charges were authorized, and the benefits he received were part

4

of a longstanding and continued corporate culture; and (2) the failure of PI (or Plaintiff) to produce documents from the years 2000-2007 makes the documents from 2007 to the present important as a means to infer what any lost or destroyed documents likely contained. Plaintiff and PI respond: (1) they have produced documents for the relevant time period of 2000-2007, and documents from later years would not show what occurred earlier; (2) corporate culture is not relevant to the claims or defenses, but even if it was, culture after Defendant's termination is irrelevant; and (3) Defendant is on a fishing expedition for discovery related to other litigation pending between PI and Defendant in state court regarding certain stock certificates that may have been issued during Defendant's employment.

When given an opportunity to address the production of post-termination documents for a shorter time period than 2007 through 2010, neither Plaintiff's nor PI's counsel articulated a distinction between documents created one day after Defendant's termination and documents created three years after his termination. After careful consideration of the parties' positions and arguments, and for the reasons set forth by the Court during the hearing, the Court **FINDS** that post-termination evidence that other officers received benefits or made charges similar to the benefits and charges at issue here would make Defendant's defenses more probable, making the requested information relevant under Rules 26 and 45.

### III. CONCLUSION

For the reasons explained above and during the hearing, Defendant's motion to modify the subpoena [Doc. 33] is **DENIED.** Accordingly,

> (1) PI **SHALL** file a written response to the 49 categories of documents requested in the January 18 subpoena and produce the requested documents through fiscal year 2010 (or calendar year 2010 where appropriate) no later than **June 6, 2011**; and

5

(2) The parties shall provide supplemental briefs, if necessary, by **June 17, 2011** addressing any remaining discovery issues with respect to Defendant's motion for sanctions [Doc. 36] and PI's motion to quash a second subpoena [Doc. 45]. The hearing previously set for June 9, 2011 on these motions shall be reset to **June 24, 2011 at 10:00 a.m.** to address any remaining discovery issues with respect to the subpoenas issued to PI.

SO ORDERED.

ENTER:

                                   s/ *Susan K. Lee*
                                   SUSAN K. LEE
                                   UNITED STATES MAGISTRATE JUDGE