UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TRAVELERS CASUALTY & SURETY, ) <br> COMPANY OF AMERICA as assignee ) <br> and subrogee of PI, Inc. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LOUIS M. PASCARELLA, ) <br> ) <br> Defendant. ) | Civil Case No. 1:10-CV-0157 <br><br> Chief Judge Curtis L. Collier |

### MEMORANDUM

Before the Court is Plaintiff Travelers Casualty and Surety Company of America's ("Plaintiff") motion to amend its complaint and voluntarily dismiss with prejudice its breach of fiduciary duty claim (Court File No. 27). Also before the Court is Defendant Louis Pascarella's ("Defendant") motion for judgment on the pleadings and motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c) (Court File No. 16). For the following reasons, the Court will **GRANT** Plaintiff's motion to voluntarily dismiss with prejudice its breach of fiduciary duty claim (Court File No. 27), **GRANT IN PART** and **DENY IN PART** Plaintiff's motion to amend its complaint (Court File No. 27), and **GRANT IN PART** and **DENY IN PART** Defendant's motion for judgment on the pleadings and motion to dismiss (Court File No. 16). Plaintiff **SHALL** file its proposed amended complaint (Court File No. 27-2) within **five days** of this Court's Order.

### I. RELEVANT FACTS

Unless otherwise stated, these facts are taken from Plaintiff's original complaint (Court File

No. 1), and for the purpose of Defendant's motion, the facts are presumed to be true.

This is a subrogation action in which Plaintiff, as the fidelity insurer of PI, Inc. ("PI"), brings suit against Defendant for losses incurred by PI due to the alleged unlawful acts of Defendant. In July 1994, PI, a manufacturer of plastic parts, hired Defendant as its controller. In 2000, Defendant became the Chief Financial Officer ("CFO") of PI. Defendant remained in that position until his employment with PI was terminated in July 2007.

Some time in 2006, Defendant informed his employer he had purchased a certified public accounting firm and wanted to transition out of his role as CFO of PI. PI's President agreed to a 12 to 24 month transition period during which Defendant could remain in his position. However, in June 2007, PI discovered Defendant had the accounts payable clerk issue manual checks to Defendant to cover "bank charges." In turn, PI contacted its bank, and it determined the checks had been issued to a real estate company co-owned by Defendant. As a result, PI terminated Defendant's employment.

PI then conducted a review of its accounting records from 2001 through and including June 2007. According to PI, it discovered other improper transactions made by or on behalf of Defendant at PI's expense. In particular, PI reviewed Defendant's use of a company-issued credit card and found transactions that were unrelated to PI's business, "including transactions for personal travel, auto expenses, cell phones, general purchases and purchases related to Defendant's new accounting firm" (Court File No. 1 at 3).

PI also discovered Defendant "effectuated unauthorized payments from the company to pay Defendant's AICPA term life insurance policy in 2000," and he used PI funds, without authority, in 2005 when he converted this policy to AICPA's deferred annuity program (*id.*). In addition, PI

2

determined Defendant caused unauthorized cash bonuses to be issued to the Internal Revenue Service ("IRS") and the Social Security Administration. The checks were then credited to Defendant's account, reducing the amount Defendant had to pay in personal taxes. Finally, Defendant used PI's funds to pay for his personal website and pool supplies.

As a result, PI terminated Defendant, and it provided a notice of property loss to Plaintiff. Pursuant to its crime policy, Plaintiff paid PI $217,601.47 for its losses related to Defendant's actions. Plaintiff, as subrogee of PI, now brings suit against Defendant to recover the money paid to PI.

Now before the Court are Defendant's motion to dismiss (Court File No. 16) and Plaintiff's motion to voluntarily dismiss a claim and its motion to amend (Court File No. 27). For the sake of clarity, the Court will first consider Plaintiff's motion to voluntarily dismiss Count Two (Court File No. 27). Next, because Defendant does not object to Plaintiff's motion to amend (Court File No. 28), the Court will address Plaintiff's motion (Court File No. 27). Finally, the Court will rule on Defendant's motion to dismiss (Court File No. 16) in light of Plaintiff's proposed amended complaint.

## II. MOTION TO VOLUNTARILY DISMISS COUNT TWO

Plaintiff moves to voluntarily dismiss its breach of fiduciary duty claim *with* prejudice (Court File No. 27). Defendant does not object to Plaintiff's motion to voluntarily dismiss this claim (Court File No. 28). Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request . . . by court order." This decision is within the sound discretion of the district court, and "an abuse of discretion is found only where the defendant 'would suffer

3

some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947). Because the Court finds Defendant would not be prejudiced, and for good cause shown, the Court will **GRANT** Plaintiff's motion to voluntarily dismiss Count Two of Plaintiff's complaint (Court File No. 27). The Court will **DISMISS** with prejudice Plaintiff's cause of action for breach of fiduciary duty.

### III.    MOTION TO AMEND COMPLAINT

Plaintiff also moves this Court to grant Plaintiff leave to amend its complaint "in order to (1) provide greater particularity to its previously pleaded claims, [and] (2) change the date of 'September 8, 2009' alleged as the date of Plaintiff's payment to P.I., Inc. in the [c]omplaint to 'September 8, 2008'" (Court File No. 27). Defendant expresses no objection to Plaintiff's motion, but argues his motion for judgment on the pleadings and motion to dismiss (Court File No. 16) "remain viable as Plaintiff still fails to cure the pleading deficiencies in its [c]omplaint" (Court File No. 28 at 2). For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to amend its complaint (Court File No. 27). Plaintiff may amend its complaint in order to (1) provide greater particularity to its previously pleaded conversion claim (including allegations of fraudulent concealment), and (2) change the date of "September 8, 2009" alleged as the date of Plaintiff's payment to PI to "September 8, 2008."

#### A.    Standard of Review

Rule 15(a)(2) of the Federal Rules of Civil Procedure states " a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "A request under Rule 15(a) is subject to the requirements of [Fed.

4

R. Civ. P.] 7(b), which states [] a motion 'shall state with particularity the grounds for seeking the order.'" *Wagner v. Circle W. Mastiffs*, - - - F.Supp.2d - - -, Nos. 2:08-CV-00431, 2:09-CV-00172, 2010 WL 3168127, at *14 (S.D. Ohio Aug. 10, 2010); *see also Evans v. Pearson Enter., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006). This Court will find "[the] motion to amend [the] complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 752 (6th Cir. 1995); *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Thiokol Corp. v. Dep't of Treasure, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993); *Riverview Health Inst. LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 1993). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the complaint in light most favorable to Plaintiff and determine whether Plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *See Paige v. Coyner*, 614 F.3d 273, 277 (6th Cir. 2010) (referencing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**B. Analysis**

Plaintiff seeks to amend his complaint to provide greater particularity regarding his claims of fraud and conversion. The Court finds any amendment to Plaintiff's fraud claim would be futile.

**1. Fraud**

Count One of Plaintiff's complaint alleges fraud (Court File No. 1 at 5). Specifically, Plaintiff argues Defendant "made intentional misrepresentations to PI regarding the use and payment of PI's monies, including but not limited to misrepresentations: that Defendant would use company

5

credit cards for authorized business purposes only; that the transactions on company credit cards were made to the benefit of PI and not to Defendant's personal benefit; and that the payments he caused PI to make were for PI's business purposes and not for Defendant's personal benefit" (Court File No. 1 at 5). In order to establish a claim for fraud in Tennessee, Plaintiff must show: "(1) an intentional misrepresentation of a material fact; (2) the misrepresentation was made 'knowingly,' 'without belief in its truth,' or 'recklessly without regard to its truth or falsity'; (3) the plaintiff reasonably relied on the misrepresentation and suffered damages; and (4) the misrepresentation relates to an existing or past fact, or 'if the claim is based on promissory fraud, then the misrepresentation must 'embody a promise of future action without the present intention to carry out the promise.'" *Power & Tel. Supply Co., Inc. v. SunTrust Bank, Inc.*, 447 F.3d 923, 930 (6th Cir. 2006).

In Defendant's motion to dismiss, he contends the complaint fails to plead such claim with the requisite particularity as set for in Fed. R. Civ. P. 9(b). Rule 9(b) states "a party must state with particularity the circumstances constituting a fraud or mistake." Specifically, "the plaintiff must, at a minimum, allege the time, place and content of the misrepresentations; the defendant's fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud." *Power & Tel. Supply Co., Inc.*, 447 F.3d 923 at 931.

The Court agrees with Defendant. Plaintiff fails to detail the time, place and content of the alleged misrepresentations in its original complaint (Court File No. 1). Although Plaintiff provides the time frame in which Defendant made unauthorized purchases and the content in which those purchases were made, Plaintiff did not plead with particularity the allegation that Defendant made misrepresentations upon which Plaintiff relied.

6

Nevertheless, Plaintiff argues its proposed amended complaint cures any such pleading deficiencies (Court File No. 27). In paragraphs 12 and 13 of the proposed amended complaint, Plaintiff provides specific dates for when Defendant allegedly made unauthorized credit card transactions (Court File No. 27-2). Unfortunately, the Court finds these additions do not cure Plaintiff's complaint. Plaintiff still fails to provide the specific time or place of any misrepresentations made by Defendant to PI. Accordingly, the Court finds any amendment as to this complaint as to Plaintiff's claim for fraud would be futile.

### 2. Conversion

Plaintiff next asserts a claim for conversion (Court File No. 1 at 5). "Under Tennessee law, the statute of limitations for conversion actions is three years." *Temple v. AmSouth Bank*, 40 F. App'x 943, 946 (6th Cir. 2002) (citing Tenn. Code. Ann. § 28-3-105). As a result, Plaintiff's claim for conversion is time barred if it began to accrue prior to June 11, 2007, three years before Plaintiff filed its complaint. Unfortunately, according to the facts outlined in Plaintiff's complaint (Court File No. 1), most, if not all, of Defendant's alleged acts regarding Plaintiff's conversion claim seem to have occurred prior to June 11, 2007.

On the other hand, pursuant to the discovery rule, the statute of limitation does not begin to run until "plaintiff knows or in the exercise of reasonable care and diligence should have known that an injury has been sustained as a result of wrongful or tortious conduct by the defendant." *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998). However, where the cause of action alleged is the conversion of a negotiable document, the discovery rule does not apply. *Pero's Steak and Spaghetti House v. Lee*, 90 S.W.3d 614, 621-22 (Tenn. 2002). Still, Plaintiff alleges in his response to Defendant's motion to dismiss (Court File No. 22) that Defendant's

7

fraudulent concealment tolled the statute of limitations. *See id.*

To establish fraudulent concealment, Plaintiff must establish "(1) that the defendant took affirmative action to conceal the cause of action or remained silent and failed to disclose material facts despite a duty to do so; (2) that the plaintiff could not have discovered the cause of action despite exercising reasonable care and diligence; (3) that the defendant had knowledge of the facts giving rise to the cause of action; and (4) that the defendant concealed material facts from the plaintiff by withholding information or making use of some devise to mislead plaintiff, or by failing to disclose information when he or she had a duty to do so." *Pero's Steak and Spaghetti House*, 90 S.W. 3d at 624.

Plaintiff now seeks to amend its complaint in paragraph 21 to provide facts alleging fraudulent concealment (Court File No. 27). Because the Court finds an allegation of fraudulent concealment could act to toll the applicable statute of limitations, the Court will **GRANT IN PART** Plaintiff's motion to amend its complaint with respect to its conversion claim (*see* Court File No. 27-2., paragraph 21).

### III. MOTION TO DISMISS UNDER RULE 12(b)(6) AND 12(c)

Finally, this Court will consider Defendant's motion for judgment on the pleadings and motion to dismiss (Court File No. 16), taking into account Plaintiff's proposed amended complaint (Court File No. 27-2). In his motion, Defendant moves for judgment on the pleadings with respect to Plaintiff's breach of fiduciary claims and Plaintiff's conversion claim. Defendant also moves to dismiss, in the alternative, Plaintiff's conversion claim, and Defendant moves to dismiss Plaintiff's fraud and unjust enrichment claims (*id.*). For the reasons stated below, the Court will **GRANT IN**

**PART** Defendant's motion with respect to Plaintiff's claims for fraud and unjust enrichment. The Court will **DENY IN PART** Defendant's motion with respect to Plaintiff's conversion claim and **DENY as MOOT** Defendant's motion regarding Plaintiff's breach of fiduciary claim (*id.*).

### A. Standard of Review

Under Fed. R. Civ. P. 12(c), "a party may move for judgment on the pleadings." When considering a Rule 12(c) motion, this Court applies the same standard of review as a 12(b)(6) motion and construes the complaint in a "light most favorable to [P]laintiff." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F. 3d 383, 389 (6th Cir. 2007); *Albrecht v. Treon*, No. 09-3703, 2010 WL 3306877, at *2 (6th Cir. Aug. 24, 2010). "To survive [such] motion, 'factual allegations contained in a complaint must raise a right to relief above the speculative level.'" *Zibbell v. Mich. Dept. of Human Serv.*, 313 F. App'x 843, 846 (6th Cir. 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," the statement must contain "factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009) (citing Fed. R. Civ. P. 8(a)(2)). In other words, bare assertions of legal conclusions are insufficient, and the pleading must at least contain "inferential allegations" regarding the material elements of the claim. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Nonetheless, "the existence of genuine issues of material fact warrants denial of the motion to dismiss." *Hollins v. Methodist Healthcare, Inc.*, 474 F.3d 223, 225 (6th Cir. 2007).

### B. Discussion

#### 1. Fraud

Plaintiff first asserts a cause of action for fraud (Court File Nos. 1, 27-2). As stated above, Plaintiff fails to detail the time, place and content of the alleged misrepresentations regarding this cause of action. Although Plaintiff provided the time frame in which Defendant made unauthorized purchases and the content in which those purchases were made, Plaintiff did not plead with particularity the allegation that Defendant made misrepresentations upon which Plaintiff relied. Accordingly, the Court will **GRANT IN PART** Defendant's motion (Court File No. 16) and will **DISMISS** Plaintiff's cause of action for fraud.

### 2. Conversion

Plaintiff next brings a claim for conversion (Court File No. 1 at 5). According to Plaintiff, Defendant "appropriated PI's funds for his own use" when Defendant (1) used PI's Visa card and American Express card for personal use in the amount of $135,023.62 between 2001 and 2007; (2) used PI's funds to pay for his term life insurance policy in 2000 and 2005; (3) diverted PI's money to reduce personal tax obligations in the amount of $13,920.00 in August 28, 2003, $1,830.00 on October 9, 2002, and $1,673.08 on August 27, 2003; (4) used $124.50 of PI's funds to be paid for his personal website; and (5) used $148.04 of PI's funds to pay for pool supplies.

"Conversion does not occur until the 'alleged wrongdoer exercises dominion over the funds in defiance of the owner's rights.'" *Estate of Ralston ex. rel Ralston v. Hobbs*, No. M2009-02442-COA-R3-CV, 2010 WL 4272692, at * 4 (Tenn. Ct. App. 2010). In order for Plaintiff to succeed on this claim, Plaintiff must make out of a *prima facie* case establishing "(1) the appropriation of [Plaintiff's] property to [Defendant's] own use and benefit, (2) by the intentional exercise of dominion over it, (3) in defiance of the true owner's rights." *Ferrell v. Addington Oil Corp.*, No. 2:08-CV-74, 2010 WL 3283029, at *4 (E. D. Tenn. Aug. 18, 2010). Defendant, however, moves

the Court for judgment on the pleadings with respect to this claim, arguing it is time-barred by the applicable statute of limitations. In the alternative, Defendant argues Plaintiff fails to state a claim upon which relief can be granted.

### a. Statute of Limitations

In response to Defendant's motion, Plaintiff contends its conversion claim is timely because (1) the conversion claim did not accrue until September 8, 2009 when Plaintiff made payment to PI[1]; (2) Plaintiff's claim is subject to the discovery rule; or (3) Defendant's fraudulent concealment tolls the statute of limitations.

Pursuant to Tenn. Code Ann. § 28-1-104, "[t]he time for limitation of an action by either a surety or accommodation endorser against their principal on negotiable paper, or for any matter growing out of suretyship, does not commence to run until judgment is rendered against the surety or endorser, or . . . until the surety or endorser has paid the money." Plaintiff argues under this statute, its cause of action for conversion against Defendant did not begin to accrue until it paid PI for the losses allegedly incurred by Defendant and acquired subrogation rights. Nonetheless, review of the limited case law interpreting the statute demonstrates Tenn. Code Ann. § 28-1-104 has been applied where a surety pays a debt owed on behalf of the principal debtor, thereby acquiring a right to bring claims against the debtor or the debtor's creditors. *See, e.g., Fidelity & Deposit Co. of Md. v. First Nat'l Bank*, 54 S.W. 2d 964 (Tenn. 1932); *Reeves v. Pulliam*, 66 Tenn. 119 (Tenn. 1874).

"In the context of insurance, subrogation [also] allows the insurer to 'stand in the shoes' of the insured and assert the rights the insured had *against a third party*." *York v. Sevier County*

---

[1] According to Plaintiff's proposed amended complaint, however, the correct date for which Plaintiff paid PI for its losses is September 8, 2008 (Court File No. 27-2 at 6).

*Ambulance Authority*, 8 S.w.3d 616, 618-19 (Tenn. 1999) (emphasis included). However, "[t]he plaintiff's rights, as against the defendant[], are of course derivative, the plaintiff having only such rights as it acquired from the injured part[y] . . ." *Bankers Fire & Marine Ins. Co. v. Sampley* 304 F.Supp 523, 528 (E.D. Tenn. 1968). Because the right of the injured party to recover arises as of the date of the injury, the statute of limitation also begins to accrue at that time for the subrogee.[2] *Id.* Accordingly, the Court finds Tenn. Code Ann. § 28-1-104 does not apply in this case.

Furthermore, the Court determines the discovery rule does not apply in this case to the extent negotiable instruments were involved. *Pero's Steak and Spaghetti House*, 90 S.W.3d at 621-22. However, because Plaintiff alleges facts to show Defendant engaged in fraudulent concealment in its proposed amended complaint, the Court will **DENY IN PART as MOOT** Defendant's motion for judgment on the pleadings with respect to Plaintiff's conversion claim (Court File No. 16).

### b. Failure to State a Claim

In the alternative, Defendant argues Plaintiff's "allegations are conclusory statements, formulaic recitations of the elements of conversion, and unsupported legal conclusions masquerading as factual conclusions" (Court File No. 17 at 14). The Court does not agree. "A court must . . . consider the policy favoring simplicity in pleading, codified in the 'short and plain statement of the claim' requirement of Federal Rule of Civil Procedure 8." *Saltire Indus., Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 526 (6th Cir. 2007) (quoting *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006)). Here, the Court finds Plaintiffs have alleged enough facts, if taken as true, to state a claim upon which relief could be granted. Therefore,

---

[2]While *Bankers Fire & Marine Ins. Co. v. Sampley* 304 F.Supp 523 (E.D. Tenn. 1968) is not directly on point with the facts of this case, the Court finds the case provides guidance on when the statute of limitation begins to run upon an action brought by a subrogee insurer against a third-party.

12

the Court will **DENY** Defendant's motion to dismiss Plaintiff's conversion claim (Court File No. 16).

### 3. Unjust Enrichment

Lastly, Defendant urges this Court to dismiss Plaintiff's claim for unjust enrichment (*id.*). Defendant states Plaintiff's claim "contains only a series of unsupported conclusory statements that merely track the elements of the cause of action" (Court File No. 17 at 4). In its complaint and proposed amended complaint, Plaintiff asserts Defendant engaged in theft and unauthorized use of PI's funds, conferring a financial benefit to the detriment of PI's interests in the funds (Court File Nos. 1, 27-2).

In order to establish unjust enrichment under Tennessee law, Plaintiff must show "(1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of such benefit without payment of the value thereof." *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005). Here, Plaintiff has not alleged any facts to show Plaintiff willingly conferred a benefit upon Defendant. *See B&L Corp. v. Thomas and Thorngren, Inc.*, 162 S.W. 3d 189, 217 (Tenn. Ct. App. 2004) ("Quasi-contractual theory of recovery involves the willing conferring of a benefit by one party to the other and is contraindicated when the benefit alleged is involuntarily conferred). Accordingly, the Court finds Plaintiff has failed to state a claim upon which relief can be granted. The Court will **GRANT IN PART** Defendant's motion to dismiss, and the Court will **DISMISS** Plaintiff's claim for unjust enrichment.

## IV. CONCLUSION

For the reasons discussed above, the Court will **GRANT** Plaintiff's motion to voluntarily

dismiss its breach of fiduciary duty claim with prejudice (Court File No. 27). The Court will also **GRANT IN PART** and **DENY IN PART** Plaintiff's motion to amend its complaint (Court File No. 27). Plaintiff may amend its complaint, as set out in Court File No. 27-2), to plead with particularity its conversion claim (including allegations of fraudulent concealment) and to change the date in which it purportedly paid PI for PI's losses. Such amended complaint **SHALL** be filed with the Court within **five days** of this Court's Order. Finally, the Court will **GRANT IN PART** and **DENY IN PART** Defendant's motion for judgment on the pleadings/motion to dismiss (Court File No. 16). Plaintiff's cause of action for conversion will proceed.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**